IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAREQ ZIAD FOUAD ZAKARNEH,

Petitioner,

v.

IMMIGRATION CUSTOM ENFORCEMENT *et al.*,

Respondents.

Case No. 3:25-cv-00394-SB

**ORDER TO SHOW CAUSE**

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Tareq Ziad Fouad Zakarneh ("Zakarneh") filed this habeas corpus action challenging his detention in a United States Immigration and Customs Enforcement ("ICE") processing center in Tacoma, Washington.[1] Zakarneh moves to proceed in forma pauperis and requests the appointment of counsel. The Court GRANTS Zakarneh's Application to Proceed In Forma Pauperis (ECF No. 2) and GRANTS Zakarneh's Motion for Appointment of Counsel

[1] The Court notes that Zakarneh has a related case concerning Freedom of Information Act requests for information concerning his immigration detention currently pending before the Court. *See Zakarneh v. U.S. Citizenship & Immigra. Servs. et al.*, No. 3:25-cv-00448-SB.

(ECF No. 3). However, for the reasons discussed below, the Court appoints counsel for the limited purpose of assisting Zakarneh to show cause in writing why the Court should not transfer the petition to the Western District of Washington or, in the alternative, to file an amended petition naming a proper respondent and explaining why the Court may exercise jurisdiction in this case.

The Court may grant a writ of habeas corpus to a detainee who is in custody "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(1), (3). Although Congress has barred judicial review of certain discretionary decisions concerning the detention or release of noncitizens subject to removal proceedings, *see* 8 U.S.C. §§ 1226(e), 1252(a), "district courts retain jurisdiction under 28 U.S.C. § 2241 [("Section 2241")] to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order[.]" *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211-12 (9th Cir. 2011)). The proper respondent to a Section 2241 habeas petition is generally the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge[,]" and "jurisdiction lies in only . . . the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004) (simplified).

Zakarneh challenges his continuing detention in the Northwest ICE Processing Center, a private facility operated by GEO Group on behalf of ICE, despite the Ninth Circuit Court of Appeals' reinstatement of a stay of removal in December 2024. (Pet. (ECF No. 1) at 1.) Although he is detained in Tacoma, Washington, Zakarneh filed the instant petition in the District of Oregon, and improperly named ICE and Judge John Odell as respondents. It thus appears the Court lacks jurisdiction in this case. *See* 28 U.S.C. § 2241(a) (instructing that

"[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (noting that a "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction") (simplified).

Accordingly, Zakarneh must explain in writing why the Court should not transfer the petition to his custodial district, the Western District of Washington, within sixty days of the date of this order. In the alternative, Zakarneh may file an amended petition naming the correct respondent and explaining why jurisdiction is proper in the District of Oregon. To assist Zakarneh in making that showing, the Court appoints the Federal Public Defender, 101 S.W. Main Street, Suite 1700, Portland, Oregon 97204. *See* 18 U.S.C. § 3006A(a)(2)(B) (providing that a district court may appoint counsel to represent a habeas petitioner when "the interests of justice so require").

The Court DIRECTS the Clerk of Court to send the Federal Public Defender a copy of the Petition.

**IT IS SO ORDERED.**

DATED this 2nd day of April, 2025.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge