IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAREQ ZIAD FOUAD ZAKARNEH,

Petitioner,

v.

IMMIGRATION CUSTOM ENFORCEMENT *et al.*,

Respondents.

Case No. 3:25-cv-00394-SB

**ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Tareq Ziad Fouad Zakarneh ("Zakarneh") filed this habeas corpus action challenging his detention in a United States Immigration and Customs Enforcement ("ICE") processing center in Tacoma, Washington. Zakarneh alleges that he has remained in ICE custody despite a Ninth Circuit order reinstating a stay of his removal.

On April 2, 2025, the Court ordered Zakarneh to show cause in writing why the Court should not transfer the petition to the Western District of Washington or, in the alternative, to file an amended petition naming a proper respondent and explaining why jurisdiction is proper in the

District of Oregon (ECF No. 8). With the assistance of counsel,[1] Zakarneh responded to the Court's order on April 9, 2025, agreeing that jurisdiction lies in the district of his confinement and requesting that the Court transfer his case to the Western District of Washington (ECF No. 10).

"Under . . . 28 U.S.C. § 1631 [("Section 1631")], if a court finds that there is a want of jurisdiction, the court shall transfer the action to any other such court in which the action could have been brought, if it is in the interest of justice." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (simplified). Transfer pursuant to Section 1631 therefore is appropriate if: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (simplified).

Zakarneh's case satisfies the requirements for transfer pursuant to Section 1631. This Court lacks jurisdiction to entertain Zakarneh's habeas action, and the Western District of Washington, where Zakarneh is detained, has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241 ("Section 2241"). *See Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004) (noting that for Section 2241 habeas petitions, "jurisdiction lies in only . . . the district of confinement"); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (explaining that "district courts retain jurisdiction under [Section] 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order"). In addition, transfer serves the interests of justice by avoiding further delay that would result if the Court dismissed for lack of jurisdiction and required Zakarneh to refile in the proper district. *See*

[1] The Court appointed the Federal Public Defender for the limited purpose of assisting Zakarneh in responding to the Court's show cause order.

*Miller*, 905 F.2d at 262 (observing that transfer normally will be in the interest of justice because "dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating") (simplified).

For these reasons, the Court TRANSFERS this case to the Western District of Washington for further proceedings.

**IT IS SO ORDERED.**

DATED this 11th day of April, 2025.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge